UNITED STATES of America ex rel.
Winfred TENNY, Petitioner,

v.

George C. WELBORN, Respondent.

No. 93 C 6711.

United States District Court,
N.D. Illinois,
Eastern Division.

July 6, 1994.

Winfred Tenny, pro se.

Michael M. Glick, Terence Madsen, Illinois Atty. Gen.'s Office, Chicago, IL, for defendant.

*MEMORANDUM OPINION
AND ORDER*

ASPEN, District Judge:

Petitioner Winfred Tenny is presently before us seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Tenny claims that the state failed meet its burden of proof under the Habitual Criminal Act by failing to prove the dates of commission of his two prior felonies. For the reasons set forth below, we deny Tenny's petition.

## I. Background

Following a jury trial in the Circuit Court of Cook County, Winfred Tenny was convicted of two counts of armed robbery and two counts of aggravated unlawful restraint. At the sentencing hearing, the state moved to have Tenny sentenced as a Class X offender pursuant to 720 ILCS 5/33B–1 (1993). In support, the state offered into evidence certified statements of Tenny's prior convictions. In addition, the Assistant State's Attorney read into the record the relevant portions of those documents, including the dates of commission, arraignment, plea and sentencing of both prior offenses. The trial judge concluded that Tenny was a habitual criminal, and thus subject to a mandatory sentence of natural life in prison. On appeal, the Illinois Appellate Court affirmed both Tenny's conviction and his sentence. After the Illinois Supreme Court denied Tenny's petition for leave to appeal, Tenny filed the present habeas corpus petition.

## II. Discussion

The Illinois Habitual Criminal Act provides:

(a) Every person who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class X felony, criminal sexual assault or first degree murder, and is thereafter convicted of a Class X felony, criminal sexual assault or first degree murder, committed after the prior 2 convictions, shall be adjudged an habitual criminal.

(b) The 2 prior convictions need not have been for the same offense.

(c) Any convictions which result from or are connected with the same transaction, or result from offenses committed at the same time, shall be counted for the purposes of this Section as one conviction.

(d) This Article shall not apply unless each of the following requirements are satisfied:

(1) the third offense was committed after the date of the act;

(2) the third offense was committed within 20 years of the date that judgment was entered on the first conviction, provided, however, that time spent in custody shall not be counted;

(3) the third offense was committed after conviction on the second offense;

(4) the second offense was committed after conviction on the first offense.

(e) Except when the death penalty is imposed, anyone adjudged an habitual criminal shall be sentenced to life imprisonment.

720 ILCS 5/33B–1 (1993). The only issue Tenny raises in his petition relates to part (d)(4). Tenny acknowledges that he was convicted of rape, his "first offense," on February 4, 1980, and of armed robbery, his "second offense," on December 8, 1983. However, he maintains that the state failed to prove that he *committed* the armed robbery offense after he was convicted of rape. Tenny correctly notes that there is a split of authority among the Illinois appellate courts regarding the showing necessary for the state to satisfy its burden of proof in this respect. *See People v. Kennard,* 204 Ill.App.3d 641, 149 Ill.Dec. 492, 561 N.E.2d 1188, 1200 (Ct. 1990) (comparing cases). Contending that his case is similar to those identified in *Kennard,* Tenny would have us weigh in on this dispute. Because we disagree with Tenny about the issue presented in those cases, we decline his invitation.

In all of the cases cited by Tenny and considered in *Kennard,* the issue was whether the date of commission of a crime can be inferred where the only evidence offered are the dates on which the defendant was arrested and convicted. *See, e.g., People v. Washington,* 195 Ill.App.3d 520, 142 Ill.Dec. 326, 552 N.E.2d 1067, 1072 ("The only evidence the State produced on defendant's prior convictions was the pre-sentence investigation report which showed the dates of arrest and conviction for the prior offenses but did not show the dates of their commission. Contrary to the State's contention, the dates of commission cannot be inferred from the dates of arrest and conviction."), *appeal de-*

*nied,* 133 Ill.2d 570, 149 Ill.Dec. 335, 561 N.E.2d 705 (1990). In the present case, however, the state offered more than simply the dates of Tenny's prior arrests and convictions. The transcript reveals that at Tenny's sentencing hearing, the Assistant State's Attorney read into evidence material from two exhibits, which he characterized as "certified statements of convictions." Each of these statements included not only the dates of arrest and conviction, but the dates of commission of the offenses as well. In addition, the government's attorney offered the documents into evidence, and Tenny's counsel, acknowledging that they were certified copies, stated that he had no objection. As a result, there was no need for the trial court to infer the dates of commission of the prior offenses, since the certified statements of conviction actually stated them. We therefore conclude that the state satisfied its burden of proof; accordingly, Tenny is not entitled to the relief he seeks.

### III.  Conclusion

For the reasons set forth above, we deny Winfred Tenny's petition for a writ of habeas corpus. It is so ordered.